1
2
3
4

**Derek A. Soinski (SBN 293747)**
**REDWOOD LAW GROUP, APC**
11440 W Bernardo Ct., Ste. 300
San Diego, CA 92127
Phone:  619.947.3677
E-mail: derek@redwoodlawgroup.com

5
6
7

Attorney for Plaintiff
STEVEN JONES

8

## UNITED STATES DISTRICT COURT

9
10

## SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22

STEVEN JONES, an individual,

Plaintiff,

v.

FCA US, LLC, a Delaware Corporation; and,

DIPITO, LLC, a Montana Corporation,

Defendants.

Case No.:  **'22 CV 1342 GPC WVG**

**COMPLAINT FOR DAMAGES**
**DEMAND FOR JURY TRIAL**

23
24
25
26
27
28

Plaintiff alleges as follows:

## JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00. Plaintiff STEVEN JONES is a citizen of the State of California.

2. This Court further has subject matter jurisdiction over this matter as Plaintiff brings claims under 15 U.S.C. §2310 *et. seq.*

3. This Court further has supplemental jurisdiction pursuant to 15 U.S.C. § 1367 over Plaintiff's state law causes of action as they arise out of the same case or controversy and are intertwined and interrelated.

4. Defendant FCA US, LLC is a Delaware corporation incorporated in and existing under the laws of the state of Delaware and having its principal place of business in Auburn Hills, Michigan.

5. Defendant DIPITO, LLC, is a Montana corporation incorporated and existing under the laws of the state of Montana and having its principal place of business in San Diego, California.

## PARTIES

6. As used in this Complaint, the word "**Plaintiff**" shall refer to Plaintiff, STEVEN JONES.

7. Defendant FCA US, LLC ("**FCA**") is and was a Delaware corporation doing business in the County of San Diego, State of California. At all times relevant, Defendant FCA US, LLC was/is engaged in the business of marketing, selling and/or distributing Jeep vehicles.

8. Defendant DIPITO, LLC doing business as SD Motorwerks ("**Dealership**" and collectively with FCA, "**Defendants**"), is and was a Montana corporation doing business in the County of San Diego, State of California.  At all times

1  relevant, Dealership was/is engaged in the business of marketing, selling and/or
2  distributing motor vehicles.

3  9.      Dealership is licensed by the Department of Motor Vehicles ("**DMV**") to do
4  business as a used vehicle dealership (License #01253).

5  10.     Dealership is listed as the "Seller" on the Retail Installment Sale Contract
6  ("**RISC**") for Plaintiff's purchase of a used 2015 Jeep Grand Cherokee, VIN
7  1C4RJFDJ2FC941063 (the "**Subject Vehicle**") which is the subject matter of this
8  lawsuit.

9  11.     All acts of corporate employees as alleged were authorized or ratified by an
10 officer, director or managing agent of the corporate employer.

11                        **SUMMARY OF ALLEGATIONS**

12 12.     On or about March 9, 2021, Plaintiff purchased the Subject Vehicle from
13 Dealership, which Subject Vehicle was manufactured, distributed, or sold by FCA.
14 The total consideration Plaintiff paid or agreed to pay for the Subject Vehicle,
15 including taxes and fees was $52,272.32. The Subject Vehicle was purchased
16 primarily for personal, family, or household purposes. Plaintiff purchased the
17 Subject Vehicle from a person or entity engaged in the business of manufacturing,
18 distributing, or selling consumer goods at retail.

19 13.     At the time of purchase, the Subject Vehicle was advertised by Dealership
20 to be fully covered by the powertrain warranties.

21 14.     Plaintiff was assisted with the purchase of the Subject Vehicle by one of
22 Dealership's employees named Rick (the "**Salesperson**").

23 15.     In connection with Plaintiff's purchase of the Subject Vehicle, the
24 Salesperson represented orally and in writing to Plaintiff that the Subject Vehicle
25 "has a full [Jeep] drivetrain warranty still."

26 16.     Prior to purchasing the Subject Vehicle, Plaintiff asked Dealership if the
27 Subject Vehicle had been inspected and was in good mechanical condition.

28

17.     Dealership represented to Plaintiff that its mechanics inspected the Subject Vehicle and it was in excellent mechanical condition.

18.     Based on Dealership's representations that the Subject Vehicle passed inspection and was protected under warranties, Plaintiff elected to purchase the Subject Vehicle.  Plaintiff would not have purchased the Subject Vehicle absent Dealership's representations regarding the Subject Vehicle's quality, condition and/or being covered under warranty.

19.     At the time he purchased the Subject Vehicle, Plaintiff also purchased a Service Contract sold by FCA, which was in full effect at all relevant times herein (the "**Service Contract**").

20.     During the warranty period, and shortly after Plaintiff purchased the Subject Vehicle and Service Contract, it exhibited signs of mechanical defects and nonconformity to warranty, including but not limited to the Subject Vehicle experiencing catastrophic engine failure.

21.     Plaintiff contacted Dealership and the Salesperson about the Subject Vehicle's catastrophic defects, to which Dealership advised Plaintiff to bring the Subject Vehicle to FCA as it was/is covered under FCA's warranties.

22.     During the warranty period, with approximately 71,966 miles, Plaintiff tendered the Subject Vehicle to one of FCA's authorized repair centers.

23.     Despite the catastrophic engine failure occurring during the warranty period, as well as the existing coverage of the Service Contract sold by FCA at the time Plaintiff purchased the Subject Vehicle, FCA refused to repair the Subject Vehicle.

24.     Plaintiff was left with no choice but to eventually pay $14,485.39 to repair the Subject Vehicle at one of FCA's authorized repair facilities, including Plaintiff's purchase of a new engine from FCA.

25.     Incredibly, less than 8,000 miles after Plaintiff purchased the new engine from FCA, the engine catastrophically failed yet again.

26.     Plaintiff demanded that the Dealership and/or FCA repurchase the Subject Vehicle, or alternatively honor their representations and repair the Subject Vehicle. The Dealership and FCA have refused.

27.     As of the date of this filing, the Subject Vehicle remains unrepaired, inoperable, and not conformed to warranty.

**FIRST CLAIM FOR RELIEF BY PLAINTIFF: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY 15 U.S.C §2310(d) AND CAL. CIV. CODE §1794**

**(Against All Defendants)**

28.     Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

29.     Pursuant to 15 U.S.C. § 2301 and Cal. Civ. Code §§ 1792 and 1791.1, the sale of the Subject Vehicle was accompanied by Defendants' implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express warranty provided by FCA.

30.     The implied warranty of merchantability means and includes that the Subject Vehicle will comply with each of the following requirements: (1) the Subject Vehicle will pass without objection in the trade under the contract description; (2) the Subject Vehicle is fit for the ordinary purposes for which such goods are used; (3) the Subject Vehicle is adequately contained, packaged, and labeled; and (4) the Subject Vehicle will conform to the promises or affirmations of fact made on the container or label.

31.     The defects stated in paragraphs 20-25 and as fully alleged herein, including the first catastrophic engine failure, existed or manifested during the warranty period.  The existence of these defects constitutes a breach of the implied warranty because the Subject Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4)

does not conform to the promises or affirmations of fact made on the container or label.

32.    By serving this Complaint, Plaintiff rightfully rejects and/or justifiably revokes acceptance of the Subject Vehicle and exercises his right to cancel the sale. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In addition, Plaintiff seeks the remedies set forth in California Civil Code §1794(b)(2), including the diminution in value of the Subject Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Subject Vehicle's value is *de minimis*.

33.    Plaintiff was damaged by Defendants' failure to comply with their obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. §2310(d) and Civil Code §1794.

34.    Defendants do not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability and do not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## SECOND CLAIM FOR RELIEF BY PLAINTIFF: BREACH OF THE IMPLIED WARRANTY OF FITNESS 15 U.S.C. §2310(d) AND CAL. CIV. CODE. § 1794

### (Against All Defendants)

35.    Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

36.    Defendants are a manufacturer, distributor, and/or seller who had reason to know at the time of the retail sale that the Subject Vehicle was required for a particular purpose and that the Plaintiff was relying on the Defendants' skill or judgment to select or furnish suitable goods.

37.     Pursuant to 15 U.S.C. § 2301 and pursuant to Cal. Civ. Code. § 1792.1, the sale of the Subject Vehicle was accompanied by Defendants' implied warranty that the Subject Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by FCA.

38.     The defects stated in paragraphs 20-25 and as fully alleged herein, including the first catastrophic engine failure, existed or manifested during the warranty period.  The existence of each of these defects constitutes a breach of the implied warranty because the Subject Vehicle is wholly inoperable not fit for Plaintiff's purpose.

39.     Plaintiff has been damaged by Defendants' failure to comply with their obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

40.     Defendants do not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of fitness and do not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## THIRD CLAIM FOR RELIEF BY PLAINTIFF: BREACH OF EXPRESS WARRANTY 15 U.S.C. § 2310(d) AND CAL. CIV. CODE §1794

### (Against FCA US, LLC)

41.     Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

42.     In accordance with FCA's warranty, Plaintiff delivered the Subject Vehicle to FCA's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time, but the Subject Vehicle remains unsafe and unusable.

43.     Plaintiff has been damaged by FCA's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code §1794.

44.     FCA's failure to comply with its obligations under the warranty was willful, in that FCA and its representatives were aware of their obligations to repair the Subject Vehicle under the express warranty, but they intentionally declined to fulfill that obligation.  Accordingly, Plaintiff is entitled to a civil penalty of two times actual damages pursuant to Cal. Civ. Code § 1794(c) and 15 U.S.C. § 2310(d).

45.     FCA does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant to thereto by the Federal Trade Commission.

## FOURTH CLAIM FOR RELIEF BY PLAINTIFF: FAILURE TO PROMPTLY REPURCHASE PRODUCT 15 U.S.C. § 2310(D) AND CAL. CIV. CODE § 1793.2(d)

### (Against FCA US, LLC)

46.     Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

47.     FCA and its representatives in this state have been unable to service or repair the Subject Vehicle to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, FCA failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore Plaintiff brings this claim pursuant to § 1794.

48.     Plaintiff has been damaged by FCA's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1 (a)(2), and therefore brings this claim pursuant to § 1794.

49.     The provisions of Civil Code § 1793.2(d) existed at the time FCA gave the express warranty and for that reason those provisions were incorporated into the

1  terms of the express warranty by operation of California law. Accordingly, FCA's

2  violation of § 1793.2(b) was a breach of terms of the express warranty, and

3  Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

4  50.    FCA's failure to comply with its obligations under § 1793.2(d) was willful,

5  in that FCA and its representative were aware that they were and are unable to

6  service or repair the Subject Vehicle to conform to the applicable express

7  warranties after a reasonable number of repair attempts, yet FCA failed to promptly

8  replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil

9  penalty of two times Plaintiff's actual damages pursuant to §1794(c) and 15 U.S.C.

10 § 2310(d)

11 51.    FCA does not maintain a qualified third-party dispute resolution process

12 which substantially complies with § 1793.22. Despite FCA's violation of §

13 1793.2(d) and its notice thereof, FCA failed to comply with its obligations within a

14 reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times

15 Plaintiff's actual damages pursuant to Civil Code § 1794(e) and 15 U.S.C. §

16 2310(d).

17 52.    Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in

18 the alternative and does not seek to cumulate civil penalties as provided in §

19 1794(f).

20 53.    FCA does not maintain an informal dispute resolution mechanism which

21 complies with the requirements of 15 U.S.C. § 2310(a) and the rules and

22 regulations adopted pursuant thereto by the Federal Trade Commission.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

JONES v. FCA US, LLC & DIPITO, LLC                    COMPLAINT FOR DAMAGES
                          9                            DEMAND FOR JURY TRIAL

## FIFTH CLAIM FOR RELIEF BY PLAINTIFF: FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME AND TO COMPLETE THEM WITHIN 30 DAYS 15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794

**(Against FCA US, LLC)**

54.     Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

55.     Although Plaintiff delivered the Subject Vehicle to FCA's representative in this state, FCA and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b).

56.     Plaintiff has been damaged by FCA's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to §1794.

57.     The provisions of Civil Code § 1793.2(b) existed at the time FCA gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law.  Accordingly, FCA's violation of § 1793.2(b) was a breach of the terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. §2310(d).

58.     FCA's failure to comply with its obligations under § 1793.2(b) was willful in that FCA and its representative were aware that they were obligated to service or repair the Subject Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to §1794(c) and 15 U.S.C. § 2310(d).

59.     FCA does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. §2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

1
2
3

**SIXTH CLAIM FOR RELIEF BY PLAINTIFF: CONSUMER LEGAL**
**REMEDIES ACT CAL. CIV. CODE §1750 ET SEQ.; INJUNCTIVE RELIEF**
**(Against DIPITO, LLC)**

4   60.    Plaintiff incorporates herein each and every allegation set forth in the

5   proceeding paragraphs of this Complaint, as though fully set forth herein and

6   further alleges as follows:

7   61.    The Subject Vehicle is a "good" bought to use primarily for personal, family

8   or household purposes pursuant to Civil Code §1761(a).

9   62.    Dealership is a "person" pursuant to Civil Code §1761(c).

10  63.    Plaintiff is a "consumer" pursuant to Civil Code §1761(d).

11  64.    The advertisement and sale of the Subject Vehicle to Plaintiff are

12  "transactions" pursuant to Civil Code §1761(e).

13  65.    Pursuant to the Consumers Legal Remedies Act ("CLRA"), the following

14  relevant unfair methods of competition and unfair or deceptive acts are prohibited:

15  (1) passing off goods or services as those of another; (5) representing that goods or

16  services have sponsorship, approval, characteristics, uses, or benefits that they do

17  not have; (6) representing the goods are original or new if they have deteriorated

18  unreasonably or are altered, reconditioned, reclaimed, used, or secondhand; (7)

19  representing goods or services are of a particular standard quality, or grade, or that

20  goods are of a particular style or model, if they are of another; (9) advertising

21  goods or services with the intent not to sell them as advertised; (14) representing

22  that a transaction confers or involves rights, remedies, or obligations which it does

23  not have or involve, or which are prohibited by law; (16) representing that the

24  subject of a transaction has been supplied with in accordance with a previous

25  representation when it has not; and (19) inserting unconscionable provision in the

26  contract (Cal Civ. Code §1770).

27  66.    Dealership violated the CLRA by including but not limited to the following:

28  (1) misrepresenting the quality and/or condition of the Subject Vehicle; (2) selling

an unmerchantable vehicle; (3) representing the Subject Vehicle had been inspected, when such inspection did not occur or was performed in such a perfunctory manner as to render it illusory, and/or knowingly selling a defective vehicle; (4) representing the Subject Vehicle to be covered under manufacturer warranty when it was not; and (5) selling the Subject Vehicle in violation of provisions and requirements of the Vehicle Code.

67.     Plaintiff is not currently seeking actual damages of any kind under the CLRA. Plaintiff reserves the right to amend the Complaint to add a claim for damages under the CLRA cause of action.

68.     Civil Code §1780(a)(2) provides a consumer is entitled to an injunction prohibiting acts or practices which violate the CLRA.  Accordingly, Plaintiff seeks an order enjoining Dealership from the illegal acts, methods and practices set forth in this Complaint.

69.     Civil Code § 1780(e) provides a prevailing plaintiff may also recover attorney's fees and costs according to proof at time of trial.  Accordingly, Plaintiff seeks recovery of his reasonable attorneys' fees and costs.

**SEVENTH CLAIM FOR RELIEF BY PLAINTIFF: FRAUD AND DECEIT**

**(Against DIPITO, LLC)**

70.     Plaintiff incorporates herein each and every allegation set forth in the proceeding paragraphs of this Complaint, as though fully set forth herein and further alleges as follows:

71.     Dealership represented that Subject Vehicle had been inspected prior to sale.

72.     Dealership represented that the Subject Vehicle was in good working condition with no history of issues.

73.     Dealership represented that the Subject Vehicle was covered under the FCA express warranty and enjoyed all associated benefits, such as a FCA's extended warranty and Service Contract.

74.     The representations made by Dealership, s detailed above, were not true.

75.     The misrepresentations were made by Dealership's employees, including the Salesperson, and other employees whose identities are known to Dealership and can be ascertained from reviewing Dealership's file for the purchase transaction.

76.     At the time of the transaction, Dealership concealed and/or omitted material facts from Plaintiff, including, but not limited to, that Dealership failed to perform an acceptable pre-sale inspection of the Subject Vehicle and/or that the inspection was performed in such a perfunctory manner as to render it illusory and/or that the Subject Vehicle was not actually covered under FCA's express warranty.

77.     Dealership had knowledge of the falsity of its representations and/or omissions.

78.     Regardless of its actual beliefs, Dealership made the representations and/or omissions of material facts without any reasonable grounds for believing them to be true.

79.     Dealership failed to exercise due care in ascertaining the accuracy of the representations and/or omissions of fact made to Plaintiff, the same representations and omissions Plaintiff relied on in deciding to purchase the Subject Vehicle.

80.     Plaintiff was unaware of the falsity of the representations and/or omissions, acted in reasonable reliance upon the truth of those representations and/or omission, and was justified in relying upon those representations and/or omissions. The false representations were material to the transaction.  Plaintiff would not have purchased the Subject Vehicle if he had not been misled and/or knew the falsity of the representations made by Dealership.

81.     As a direct and proximate result of Dealership's misrepresentations and/or omissions of material fact, Plaintiff suffered damages, including actual, consequential, and incidental damages according to proof at trial.

82.     Dealership's conduct constitutes conduct that is oppressive, fraudulent, and/or malicious, entitling Plaintiff to punitive damages under Civil Code §3294,

and the acts of Dealership's employees as alleged were authorized or ratified by an officer, director, and/or managing agent of Dealership.

## EIGHTH CLAIM FOR RELIEF BY PLAINTIFF: NEGLIGENT MISREPRESENTATION

### (Against DIPITO, LLC)

83.     Plaintiff incorporates herein each and every allegation set forth in the proceeding paragraphs of this Complaint, as though fully set forth herein and further alleges as follows:

84.     The representations alleged above and made by Dealership were not true. Regardless of its actual belief(s), Dealership made the representations without any reasonable grounds for believing them to be true.

85.     Dealership failed to exercise due care in ascertaining the accuracy of the representations about the Subject Vehicle to Plaintiff.

86.     Plaintiff relied upon the representations, and acted in reliance, by purchasing the Subject Vehicle.

87.     Plaintiff was unaware of the falsity of the representations, and acted in reliance upon the truth of those representations and was justified in relying on those representations.

88.     As a direct and proximate result of Dealership's negligent misrepresentations of material fact, Plaintiff suffered damages, including all actual, consequential, and incidental damages according to proof at trial.

89.     Plaintiff was fraudulently induced to enter into the RISC and, therefore, is entitled to rescission and/or restitution in an amount according to proof at trial, including all actual, consequential, and incidental damages.

## PRAYER

PLAINTIFF PRAYS for judgment against Defendants as follows:

1.     For Plaintiff's damages in the amount of at least $66,757.71.

2.     For restitution to Plaintiff in the amount of $66,757.71.

3.     On Plaintiff's Third Claim for Relief, for a civil penalty in the amount of $133,515.42, which is two times Plaintiff's damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. §2310(d).

4.     On Plaintiff's Fourth Claim for Relief, for a civil penalty in the amount of $133,515.42 which is two times Plaintiff's damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. §2310(d).

5.     On Plaintiff's Fifth Claim for Relief, for a civil penalty in the amount of $133,515.42 which is two times Plaintiff's damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. §2310(d).

6.     For rescission of the purchase contract and restitution of all monies expended, excluding the CLRA cause of action.

7.     For damages according to proof, excluding the CLRA cause of action.

8.     For any consequential and incidental damages according to proof, excluding the CRLA cause of action.

9.     For punitive and/or statutory damages where available, excluding the CLRA cause of action.

10.    For prejudgment interest at the legal rate.

11.    For injunctive relief permitted under Civil Code §1780 and Business & Professions Code §17200.

12.    For the equitable relief permitted under Business & Professions Code §17200.

13.    For costs of the suit and Plaintiff's reasonable attorney fees pursuant to Civil Code §§1780(e), §1794(d) and 15 U.S.C. § 2310(d) and Code of Civil Procedure § 102.5.

14.    And for such other relief as the Court may deem proper.

1    Dated:  September 7, 2022              REDWOOD LAW GROUP, APC

2

3                                      By: /s/ Derek Soinski
                                           Derek A. Soinski, Esq.
4                                          Attorney for Plaintiff
                                           STEVEN JONES
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2
Plaintiff hereby demands a jury trial on all causes of action asserted herein.

3

4
Dated:  September 7, 2022                    REDWOOD LAW GROUP, APC

5

6
                                          By:   /s/ Derek Soinski

7
                                                Derek A. Soinski, Esq.
                                                Attorney for Plaintiff

8
                                                STEVEN JONES

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28