UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JONES, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>FCA US, LLC, a Delaware Corporation; and DIPITO, LLC, a Montana Corporation,<br><br>                                    Defendants. | Case No.:   3:22-cv-01342-GPC-WVG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**[ECF No. 10]** |

Before the Court is Plaintiff Steven Jones' motion for leave to file a first amended complaint. ECF No. 10. The Court finds this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d), and accordingly VACATES the hearing on this matter currently scheduled for Friday, March 24, 2023. Based on the following, the Court **GRANTS** Plaintiff's motion for leave to file a first amended complaint.

I.   BACKGROUND

On September 7, 2022, Jones filed a Complaint against Defendants FCA US, LCC and Dipito, LLC for breach of implied warranty of merchantability, breach of implied warranty of fitness, and related causes of action. ECF No. 1 at 5–15. FCA and Dipito

1

answered the Complaint at the end of September and October, respectively. ECF Nos. 3 & 5. Roughly four months after FCA filed its answer, Jones moved for leave to file a first amended complaint. ECF No. 10. Jones moves to add two causes of action to the Complaint: a claim for breach of warranty against Dipito and a claim for breach of contract against FCA. ECF No. 10-2 at 14–15. Defendants did not consent to the motion. ECF No. 10 at 2 & n.1. The Court set a briefing schedule, ECF No. 11, but neither Defendant FCA US, LLC nor Defendant Dipito, LLC filed an opposition.

## II. LEGAL STANDARD AND DISCUSSION

Federal Rule of Civil Procedure 15(a) instructs that "[t]he court should freely give leave [to amend the complaint] when justice so required." Granting leave to amend rests on the sound discretion of the trial court. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion is guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 181)).

Because Rule 15(a) imposes a liberal amendment policy, the nonmoving party bears the burden to show "why leave to amend should not be granted." *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989). In determining whether an amendment is appropriate, courts consider five factors: (1) undue delay; (2) bad faith; (3) "repeated failure to cure deficiencies by amendments previously allowed"; (4) "undue prejudice to the opposing party"; and (5) "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). These factors are not equally weighted; the possibility of delay alone cannot justify denial of leave to amend. *DCD Programs*, 833 F.2d at 186. Of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing

of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

Jones argues that the Court should grant his motion for leave to amend under these liberal standards. ECF No. 10 at 2–3. Jones reasons that this is the first motion for leave to amend; the case is in the early stages so prejudice, if any, to opposing parties is minimal; and his proposed amendments are not brought in bad faith. *Id.* Absent any opposition, the Court has no reason to believe that Jones' motion to amend the Complaint was done in bad faither; that granting it would be unduly prejudicial; or that any other *Foman* factor counts against him. Indeed, Jones' motion to amend the Complaint was timely under the Magistrate Judge's December 2022 Scheduling Order. *See* ECF No. 9 at 1.

## III. CONCLUSION

Based on the above, the Court **GRANTS** Plaintiff's motion for leave to file a first amended complaint. Plaintiff shall file the first amended complaint within five (5) days of the filing of this order.

The hearing on this matter, previously set for Friday, March 24, 2023, is hereby VACATED.

**IT IS SO ORDERED.**

Dated: March 1, 2023

Hon. Gonzalo P. Curiel
United States District Judge